### STILES *versus* SHERMAN.

Where one, holding lands subject to an outstanding mortgage, represents to his grantee, in negotiating for the sale of it, that a specified sum, and no more, is due upon the mortgage, and deducts that sum from the agreed price of the land, the grantee is entitled, in a suit against him upon the note given for the purchase money, to have a deduction of the excess which may be due upon the mortgage over and above that specified sum.

ON REPORT from *Nisi Prius*, SHEPLEY, C. J. presiding.

ASSUMPSIT upon a promissory note of $300.

The plaintiff, by a quit-claim deed, conveyed to the defendant a farm which was incumbered by an outstanding mortgage, made by an earlier proprietor. The price agreed

to be given for the farm was not very clearly shown; but it was proved that the plaintiff, when making the negotiation, represented to the defendant, that the amount due upon the old mortgage was $150, and no more, and that he deducted that sum from the agreed price, and received for the balance a conveyance to him by the defendant of two other lots of land, and also the note now in suit.

The case was withdrawn from the jury, and submitted to the Court to assess the damage, first deducting for any such failure of consideration as might constitute a defence in whole or in part.

*Thacher*, for the plaintiff.

*J. A. & S. H. Lowell*, for the defendant.

TENNEY, J.— It appears that the note in controversy, was given as the difference in the value of the lands, exchanged and conveyed by the parties to this suit. And it is contended that there has been a total or a partial failure of consideration thereof.

The deed of the plaintiff to the defendant not containing covenants of warranty against the mortgage upon the premises, created no obligation in the plaintiff to the defendant to remove that incumbrance, and there was no contract of any description to do so.

There is no evidence of any fraudulent design in the plaintiff, in stating a less sum due upon the mortgage of the Marion farm, than the actual amount of the incumbrance.

It does not appear, that the note or the mortgage was present. It is not to be presumed that they were in the hands of the plaintiff, as they were outstanding against the estate. He may have honestly believed that the incumbrance was no greater than the sum stated by him. But as this statement appears to have been made to the other party, when he was negotiating for the purchase, that incumbrance was an essential element in the contract, which resulted in a conveyance of the equity of redemption only. The price agreed to be paid for the plaintiff's interest in that land, was the value of

the entire title as estimated by the parties after deducting the supposed amount of the incumbrance. The note being for a specific sum, the amount of the note secured by the mortgage was regarded as equally certain. The excess of the incumbrance over its estimation was the sum of $72,91, and that part of the consideration has failed by a mutual mistake of the parties.                    *Defendant defaulted.*